UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN BOBBITT and ROBERT
BUTLER, individually and on behalf
of those similarly situated,

       Plaintiffs,

v.                                                    Case No.  8:11-cv-2855-T-24 MAP

BROADBAND INTERACTIVE, INC.,

       Defendant.

_____/

## ORDER

This cause comes before the Court on two motions: (1) Plaintiffs' Motion for

Reconsideration and Equitable Tolling (Doc. No. 41), which Defendant opposes (Doc. No. 53);

and (2) Plaintiffs' Motion to Strike and for Leave to File a Reply (Doc. No. 55).  As explained

below, the motions are denied.

## I.  Background

The plaintiffs in this case are or were employed by Defendant Broadband International,

Inc. ("BBI") as Collections/Disconnect Technicians ("C/D Techs").  Plaintiffs contend that BBI

violated Florida's minimum wage law and the Fair Labor Standards Act ("FLSA").

This is the third in a series of lawsuits by Florida C/D Techs against BBI.  First, on

October 7, 2010, Matthew Thomas and David Ortiz filed a similar lawsuit against BBI ("BBI-

I").[1]  The parties attempted to settle BBI-I and entered into a tolling agreement to toll the statute

of limitations for putative class members.  On February 4, 2011, the plaintiffs in BBI-I

_____

[1]Thomas v. Broadband Interactive, Inc., 5:10-cv-518-MMH-JBT.

voluntarily dismissed their case and attempted to settle their claims against BBI. The parties were unable to settle the claims, and on April 15, 2011, the same plaintiffs filed another lawsuit ("BBI-II").[2]

The plaintiffs in BBI-II filed a motion for class certification and for court-authorized notice on May 4, 2011. On September 9, 2011, BBI moved to stay litigation so that the parties could attempt to settle the case. Despite the fact that the plaintiffs in BBI-II opposed the motion to stay, the court granted the motion and stayed the case. In November of 2011, while the case was stayed and before the court ruled on the motion for class certification and notice, the parties settled the claims of the thirteen named and opt-in plaintiffs. On January 23, 2012, BBI-II was dismissed with prejudice.

On December 28, 2011, after the claims of the thirteen named and opt-in plaintiffs in BBI-II were settled, Plaintiffs Allen Bobbitt and Robert Butler filed the instant lawsuit against BBI. On April 3, 2012, Plaintiffs filed a motion for class certification and for Court-authorized notice. In the motion, Plaintiffs argued that the relevant limitations period should be tolled by 178 days due to the tolling agreement and supplemental tolling agreement entered into in BBI-I.

On May 2, 2012, BBI responded to Plaintiffs' motion and specifically disputed Plaintiffs' contention that the tolling agreements entered into in BBI-I applied to the claims at issue in the instant case. On May 23, 2012, the Court granted Plaintiffs' motion for class certification, but the Court rejected Plaintiffs' argument contained therein that the relevant limitations period should be tolled by 178 days pursuant to the tolling agreements. Thereafter, on June 6, 2012, Plaintiffs filed the instant motion for reconsideration and for equitable tolling.

---

[2]Thomas v. Broadband Interactive, Inc., 5:11-cv-204-MMH-JRK.

**II.  Motion to Strike and to File a Reply Brief**

Plaintiffs ask the Court to strike BBI's response to its motion for reconsideration and for equitable tolling, because BBI's response references confidential settlement communications and information protected by the parties' confidential stipulation.  In ruling on Plaintiffs' motion for reconsideration and for equitable tolling, the Court did not consider BBI's arguments regarding, or the exhibits attached to its response containing, the settlement communications and information protected by the parties' confidential stipulation.  The Court will, however, direct the Clerk to remove from the docket the emails attached to BBI's response that contain their settlement communications and information protected by the parties' confidential stipulation. Accordingly, the motion to strike is granted to the extent that the emails will be removed from the docket; otherwise, the motion to strike is denied.

Plaintiffs also seek leave of Court to file a reply to BBI's response to Plaintiffs' motion for reconsideration and for equitable tolling.  The Court, however, finds that a reply is not necessary, and as such, Plaintiffs' motion to file a reply is denied.

**III.  Motion for Reconsideration**

Additionally, Plaintiffs ask the Court to reconsider its ruling that the relevant limitations period will not be tolled by 178 days pursuant to the tolling agreements entered into in <u>BBI-I</u>. Plaintiffs contend that they did not realize, at the time of the filing of their motion for class certification and for Court-authorized notice, that BBI disputed Plaintiffs' contention that the tolling agreements applied to this case.  As a result, Plaintiffs contend that they did not fully brief the applicability of the tolling agreements in their motion.  Therefore, Plaintiffs contend that the Court should reconsider its ruling on the issue.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review, the Court finds that reconsideration is not warranted.

Accepting Plaintiffs' argument that they did not realize, at the time that they filed their motion, that BBI disputed Plaintiffs' contention that the tolling agreements applied to this case, such does not justify reconsideration. BBI filed its response to Plaintiffs' motion and disputed the applicability of the tolling agreements on May 2, 2012. As such, Plaintiffs were on notice on May 2, 2012 that the applicability of the tolling agreements was a disputed issue, and Plaintiffs should have moved for leave to file a reply brief to address the issue. Plaintiffs did not do so. Instead, Plaintiffs waited until after the Court ruled on their motion before moving to further address the issue of the tolling agreements. The Court will not reward Plaintiffs' delay by giving them a second bite at the apple. Accordingly, the Court denies Plaintiffs' motion for reconsideration.

## IV. Motion for Equitable Tolling

Next, Plaintiffs argue that the Court should equitably toll the limitations period during the period from May 4, 2011 (the date the plaintiffs in BBI-II filed their motion for class certification and court-authorized notice) until June of 2012, when they were able to provide Court-authorized notice to the putative collective class members in this case. Plaintiffs, however, have not shown that equitable tolling is warranted.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999)(citations omitted). Thus, courts can use their equitable powers to toll the limitations period if the plaintiff meets his burden of showing that an inequitable event prevented his timely action. See Justice v. U.S., 6 F.3d 1474, 1479 (11th Cir. 1993)(citations omitted). However, equitable tolling is an extraordinary remedy that is used sparingly. See id. (citation omitted).

Plaintiffs contend that equitable tolling in this case is warranted because: (1) BBI misled the putative opt-in plaintiffs into allowing the statute of limitations to lapse on their claims; (2) BBI induced the delay in notifying the putative opt-in plaintiffs of this class action and of the related BBI-I and BBI-II class actions; (3) the putative opt-in plaintiffs are faultless; and (4) the litigation posture delayed the filing of, and/or the Court's ruling on, the motions for conditional certification and notice in BBI-II and the instant case. As explained below, these arguments have no merit.

### A.  Misleading Plaintiffs

Plaintiffs first argue that BBI misled the putative opt-in plaintiffs into allowing the statute of limitations to lapse on their claims. In support of this contention, Plaintiffs make two arguments, neither of which have merit.

First, Plaintiffs argue that BBI misled putative opt-in plaintiffs into allowing the statute of limitations to lapse on their claims, because BBI misled them into relying on the tolling agreements to their detriment. Plaintiffs argue that because this case is really a continuation of BBI-I and BBI-II, it is unfair not to apply the tolling agreements to the instant case.

This case is not a continuation of <u>BBI-I</u> and <u>BBI-II</u>.  The <u>BBI-I</u> and <u>BBI-II</u> cases had the same named plaintiffs, and the <u>BBI-II</u> case was dismissed with prejudice.  While the instant case is related to the <u>BBI-I</u> and <u>BBI-II</u> cases, the instant case is a separate case to which the tolling agreements do not apply.  As such, BBI did not mislead putative opt-in plaintiffs into relying on the tolling agreements to their detriment.  Furthermore, at any time, any C/D Tech could have chosen to file suit against BBI, as nothing precluded them from doing so.  Accordingly, Plaintiffs have not shown that equitable tolling is warranted.

Second, Plaintiffs argue that when BBI moved to stay the <u>BBI-II</u> case on September 9, 2011, BBI represented to the court that potential putative plaintiffs would not be prejudiced if the case did not settle, because those plaintiffs already had "full rights to sue [BBI] under the FLSA at any time" and they would not lose those rights if the case did or did not settle.  (Doc. No. 41, p. 18).  Plaintiffs invite this Court to conclude that the statement was a misrepresentation that the potential putative plaintiffs could rely on the tolling agreements to stay the limitations period for any claims that they may assert in the future.  However, BBI's statement to the court in <u>BBI-II</u> does not reference the tolling agreements.  Instead, BBI's statement merely reiterates the unremarkable proposition that any C/D Tech could choose to sue BBI at any time.  Accordingly, Plaintiffs have not shown that equitable tolling is warranted.

**B.  Inducing Delay**

Next, Plaintiffs argue that by convincing the plaintiffs in <u>BBI-I</u> to voluntarily dismiss their claims and by settling the plaintiffs' claims in <u>BBI-II</u>, BBI induced the delay in notifying the putative opt-in plaintiffs of this class action and of the related <u>BBI-I</u> and <u>BBI-II</u> class actions. However, as previously stated, at any time, any C/D Tech could have chosen to file suit against

6

BBI.  Accordingly, Plaintiffs have not shown that equitable tolling is warranted.

### C.  Faultlessness

Next, Plaintiffs argue that the putative opt-in plaintiffs are faultless and acted diligently to pursue their claims.  Furthermore, they contend that equitable tolling is necessary to "counter the unfair advantage that [BBI] has gained in engaging in dilatory tactics and tactics designed to thwart the collective action."  (Doc. No. 41, p. 27).  The Court rejects this argument.

"[D]ue diligence on the part of the plaintiff[s], though necessary, is not sufficient to" warrant equitable tolling.  Justice, 6 F.3d at 1479.  Furthermore, the alleged "tactics"—convincing the plaintiffs in BBI-I to voluntarily dismiss their claims, obtaining a stay in the BBI-II case, and settling the plaintiffs' claims in BBI-II—did not prevent any C/D Tech that wanted to file suit against BBI from doing so.  Accordingly, Plaintiffs have not shown that equitable tolling is warranted.

### D.  Litigation Posture

Next, Plaintiffs argue that the litigation posture delayed the filing of, and/or the Court's ruling on, the motions for conditional certification and notice in BBI-II and the instant case. This argument has no merit, as the litigation posture of the cases did not prevent any C/D Tech that wanted to file suit against BBI from doing so.  Accordingly, Plaintiffs have not shown that equitable tolling is warranted.

## V.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiffs' Motion for Reconsideration and Equitable Tolling (Doc. No. 41) is

**DENIED**.

(2)     Plaintiffs' Motion to Strike  (Doc. No. 55) is **GRANTED** to the extent that the

Clerk is directed to remove from the docket the emails attached to BBI's response

at Doc. No. 53-1 and Doc. No. 53-2; otherwise, the motion is **DENIED**.

(3)     Plaintiffs' Motion for Leave to File a Reply (Doc. No. 55) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of July, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record