UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN BOBBITT and ROBERT
BUTLER, individually and on behalf
of those similarly situated,

      Plaintiffs,

v.                                              Case No. 8:11-cv-2855-T-24 MAP

BROADBAND INTERACTIVE, INC.,,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Objection to Magistrate's Order. (Doc. No. 139). Defendant has filed a response in opposition. (Doc. No. 143). As explained below, the Court sustains Plaintiffs' objection.

**I.  Background**

Plaintiffs work for Defendant as Collections/Disconnect Technicians ("C/D Techs"). As C/D Techs, Plaintiffs would travel to customers of cable providers that contracted with Defendant, and Plaintiffs would disconnect cable services, collect money owed, and retrieve cable equipment. Plaintiffs filed suit against Defendant, in which they contend that Defendant mis-classified them under the FLSA as independent contractors, as opposed to employees, until January of 2011.

The Court bifurcated discovery, and the parties have been conducting liability discovery on the employee versus independent contractor issue. By June 21, 2013, the parties' motions for summary judgment on the employee versus independent contractor issue are due.

On February 28, 2013, Plaintiffs filed their Amended Motion to Compel relating to

Request for Production Number 4, which sought documents related to Defendant's capital investment, risk capital, expenses, and overall investment in its business from December 28, 2006 through January 1, 2011. (Doc. No. 106). Plaintiffs argued that this information was relevant and discoverable, because it relates to one of the factors of the economic realities test, which is used to determine employee versus independent contractor status. Specifically, Plaintiffs argue that one of the factors considered in the economic realties test is the extent of the relative investments of the worker and the alleged employer.

Defendant opposed the motion, arguing that the correct articulation of this factor of the economic realties test focuses solely on the worker's investment in equipment or materials required for his task, and thus, this factor does not consider the alleged employer's investment. (Doc. No. 115). However, the parties entered into a stipulation that if the Court determined that the relative investment of Plaintiffs and Defendant was a factor of the economic realties test, then Defendant would produce cost/expense spreadsheets for its Florida operations for 2006 through 2010. (Doc. No. 139-1).

The Magistrate Judge held a hearing on this motion on May 6, 2013. (Doc. No. 144). During the hearing, the Magistrate Judge denied this portion of the motion without prejudice and stated that if Defendant filed a motion to decertify the class and the issue of Defendant's investment was implicated in such a motion, then Plaintiffs could renew their motion to compel on this issue. (Doc. No. 144, p. 26). The Magistrate Judge did not address whether the relative investment of Plaintiffs and Defendant is a factor of the economic realties test, nor did he address the relevance of the information sought to the parties' soon to be filed motions for summary judgment on the employee versus independent contractor issue. (Doc. No. 144, p. 24-27).

Thereafter, the Magistrate Judge issued an order summarily denying this portion of Plaintiffs' motion to compel without prejudice. (Doc. No. 138).

**II. Objection to the Magistrate Judge's Order**

Plaintiffs filed the instant objection to the Magistrate Judge's Order to the extent that he denied without prejudice their Amended Motion to Compel relating to Request for Production Number 4 regarding Defendant's investment in its business. Federal Rule of Civil Procedure 72(a) provides that when a party objects to a magistrate judge's order on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Plaintiffs argue that the Magistrate Judge's Order denying Plaintiffs' Amended Motion to Compel regarding Request for Production Number 4 is clearly erroneous or is contrary to law, because the relative investment of Plaintiffs and Defendant is a factor of the economic realties test. As such, Plaintiffs argue that the documents sought in response to Request for Production Number 4 are relevant to the employee versus independent contractor issue that will be briefed in the upcoming summary judgment motions. This Court agrees.

When determining whether Plaintiffs are employees or independent contractors, this Court will apply the economic realities test, which evaluates "the degree of dependence of [the] alleged employees on the business with which they are connected." Usery v. Pilgrim Equipment Co., Inc., 527 F.2d 1308, 1311 (5th Cir. 1976). The Pilgrim court stated that one of the factors to be considered is "investment in facilities." Id. In addressing this factor, the Pilgrim court discussed both the investment by the alleged employer as compared to the investment by the alleged employee. See id. at 1314. Thus, based on this binding precedent, this Court concludes

that the relative investment of Plaintiffs and Defendant is a factor of the economic realties test. See id.; see also Molina v. South Florida Express Bankserv, Inc., 420 F. Supp.2d 1276, 1283-85 (M.D. Fla. 2006).

The Court notes Defendant's reliance on Freund v. Hi-Tech Satellite, Inc., 185 Fed. Appx. 782 (11th Cir. 2006), an unpublished Eleventh Circuit case. In Freund, the court identified the investment factor of the economic realities test as being "'the alleged employee's investment in equipment or materials required for his task.'" Id. at 783 (quoting Secretary of Labor v. Lauritzen, 835 F.2d 1529, 1535 (7th Cir. 1987)). In analyzing this factor, the court noted that the plaintiff procured all of the equipment necessary to do his job. See id. at 783-84. Thus, based on Freund, Defendant argues that this factor does not consider the alleged employer's investment.

The Court rejects Defendant's argument. The alleged employee's investment cannot be considered in a vacuum; the alleged employee's investment needs to be compared to the alleged employer's investment in order to determine whether this factor shows the alleged employee's economic dependence on the alleged employer. Accordingly, the Court concludes that when determining whether Plaintiffs in this case are employees or independent contractors, this Court will consider the relative investment of Plaintiffs and Defendant as a factor of the economic realties test.

### III.  Conclusion

Given that the Magistrate Judge did not address whether the relative investment of Plaintiffs and Defendant is a factor of the economic realties test, nor did he address the relevance of the information sought to the parties' soon to be filed motions for summary judgment on the

employee versus independent contractor issue, the Court concludes that Plaintiffs' objection must be sustained. Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Objection to Magistrate's Order (Doc. No. 139) is **SUSTAINED**.

(2) The Court **VACATES** the portion of the Magistrate Judge's Order (Doc. No. 138) denying without prejudice Plaintiffs' Amended Motion to Compel relating to Request for Production Number 4.

(3) The Court **GRANTS** Plaintiffs' Amended Motion to Compel (Doc. No. 106) to the extent that it relates to Request for Production Number 4.

(4) By June 10, 2013, Defendant is directed to produce the stipulated cost/expense spreadsheets for its Florida operations for 2006 through 2010.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of June, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Mark A. Pizzo